Wheeler, J.
It is perfectly well settled that the acknowledgment of a debt, if accompanied with a promise to pay conditionally, is of no avail, unless the condition to which the promise is subjected by the defendant is complied with or the event lias happened upon which the promise depends. (Angelí on Lira., 249.)
Where, to a demand of above six years’ standing, the party indebted, on being applied to for payment, admitted he was bound in honor and should pay “ when he was able,” Lord Kenyon ruled this to be a conditional promise, and that the plaintiff was bound to show the sufficient ability of the defendant. (Id., 250-251.)
And where A promised after six years to pay a debt in certain specific articles, it was held that the promise came within tiie principle above stated by Lord Kenyon, and that it being a conditional promise, it must appear that the plaintiff offered to accept the specific articles. (Id., 252; 8 Johns. R., 318.)
The numerous cases which maintain the same principle are too familiar to require particular reference.
Applying this principle to the present case, it seems clear that to enable the plaintiff to maintain his action he must have averred and proved that lie accepted or offered to accept the land proposed to be given in payment.
The instruction given by the court to the jury, however, maintains a different doctrine. It in effect asserts the proposition without qualification that if the letter contained an acknowledgment of the justness of the debt, it was sufficient to take the case out of the operation of the statute. Had the acknowledgment been unconditional, this instruction would have been correct. But having annexed to It the implied condition that the plaintiff should accept the proffered terms, the instruction as applied to the evidence was, it is conceived, erroneous, and calculated to mislead. The jury were naturally led l>y it to conclude that it was immaterial whether the evidence established an acceptance or offer to accept the proposition within a reasonable time or not. and to direct their inquiry to the single question whether the letter contained an *224 acknowledgment of the justice of the debt. Under the charge of the court they donbless conceived themselves authorized to find for tho plaintiff, though not satisfied that there had been any offer in due time to accept the proposition.
Note S7. — Salinas v. Wright, 11 T., 572; Bowlett v. Lane, 43 T., 274. The acknowledgement must show positively that the debt is due oither in whole or part, and must he unqualified. (Smith v. Ply, 21 T., 315; McDonald v. Grey, 29 T., 80)
It was very properly left by the court to the jury to decide whether the acknowledgment contained in tiie letter had reference to tiie debt sought to be recovered on the strength of it. The defendant not having shown that there was any other debt due from him to the plaintiff, his acknowledgment was to he taken to apply to the one in suit. (Angell on Lim., 256; Coles v. Kelsey, 2 Tex. R.) Subject to this qualification, tiie question of the application intended by the writer of the letter was for the jury to decide. (Aug. Him., 255.) But it was for tiie court to determine whether the letter contained such an acknowledgment as was sufficient to take tiie case out of the operation of ihc statute. The construction of the writing was with the court. The error in tiie instruction was that it treated the acknowledgment as unconditional. Tho essential inquiry was whether there had been an'acceptance or offer to accept the proposition'williin a reasonable time. That question was left out of view, or, iu effect, withdrawn from tiie consideration of the jury by the instruction.
What was a reasonable time must depend upon the places of residence and the relative positions of the parties, their means of intercommunication, and tiie other facts and circumstances of tho case. These are so imperfectly presented by the record before us that we deem it proper to abstain from tiie expression of an opinion which might lie inapplicable to the evidence upon another trial.
We are of opinion that the court erred in the instructions to the jury, and that tiie judgment, therefore, he reversed and the cause remanded for a new trial.
Reversed and remanded.