N. O. LAUVE ET ALS. v. ALEX. BALFOUR.

(No. 542, Tex. L. J., vol. 2, p. 497.)

APPEAL from Galveston County.　Opinion by WHITE, J.

§ **726.** *Reward; offer of, by publication; withdrawal of, and notice.* Numerous fires having occurred in the city of Galveston, believed to be the work of an organized band of incendiaries, the board of underwriters advertised in the Galveston News, offering a reward for the apprehension, arrest and conviction of any of the offenders. Balfour, who was a police officer of the city, instituted this suit to recover the reward, claiming to

have arrested and procured the conviction of a party coming within the terms of the reward. In the view we have taken of the case, we do not deem it necessary to discuss the two questions which have been mainly argued, viz.: 1. Whether a police officer can participate in a reward offered for the apprehension and conviction of a party charged with crime; and 2. Where a notice of reward is unlimited as to time, and unrestricted as to occasion, what would be a reasonable time in which to claim its benefits?

We think the case is determinable on the facts presented in the record. The notice offering the reward was published for two weeks only in the Galveston News, and was then discontinued. It is admitted by appellee that the notice could have been withdrawn through the same channel in which it was made, that is, by published notice of withdrawal before rights had accrued under it. No contract arises under such an offer until its terms are complied with. The fact that the claimant of such reward was ignorant of its withdrawal is immaterial. [Shuey, Executor, v. United States, 2 Otto, 73.] In this case the advertisement never appeared elsewhere than in the Galveston News, and it appeared in that paper for two weeks only. After two weeks the notice was discontinued before any rights had accrued under it. We are of opinion that the discontinuance of the publication of the notice was tantamount to an express revocation of it. But if this were not so, the withdrawal or discontinuance of said notice, to say the least of it, was sufficient to put all those within the corporate limits of the city of Galveston upon inquiry as to its further continued existence; and whatever is sufficient to put a party upon inquiry is in law held to be notice. [Powell v. Haley, 28 Tex. 53.]

§ 727. *Reasonable time.* With regard to reasonable time, it is well settled that it must depend upon the places of residence and the relative positions of the parties, their means of inter-communication, and the other facts and circumstances of the case. [Mitchell v. Clay,

8 Tex. 443.] Seeing that the notice of reward was discontinued, how easy for appellee, who was a citizen of Galveston, to have made all inquiries necessary and proper in the premises of the board of underwriters, or any of them, who were each and all citizens of Galveston also. It seems to us that, under the facts and circumstances, a prudent man was called upon to make such inquiries before he put himself to the trouble and annoyance of working up a case, in contemplation of such reward, some ten or eleven months after the publication of the notice of the reward was discontinued in the paper by the parties who had offered it.

March 22, 1879.          Reversed and remanded.