HYATT ROLLER BEARING COMPANY, RESPONDENT, v. THE PENNSYLVANIA RAILROAD COMPANY, APPELLANT.

Submitted March 21, 1918—Decided July 21, 1918.

A provision in a bill of lading, requiring the giving of notice of a claim for damages against a carrier, must be given a reasonable construction, and a substantial compliance therewith on the part of the shipper is all that is required.

On appeal from the First District Court of Jersey City.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the respondent, *Day, Day, Smith & Slingerland.*

For the appellant, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

MINTURN, J.   The case was tried before the court without a jury, and the following facts were expressly or incidentally found as the basis for the judgment rendered in favor of the plaintiff.   Five bundles of steel were consigned to plaintiff at its works at Harrison, in this state, on February 24th, 1916, by the Becker Steel Company of America, at Charleston, West

Virginia. The car provided by defendant for the purpose of carriage to plaintiff's premises from the Harrison station was known as a "ferry car" and was sealed at Harrison in accordance with the tariff filed with the interstate commerce commission, the effect of which was that defendant was relieved of responsibility for the losses incident to the intermediate carriage from the Harrison station to plaintiff's premises at that place.

The ferry car was run into the premises of the plaintiff on March 11th, 1916, at one o'clock in the afternoon. When the car was unloaded one of the steel bundles was missing, and plaintiff brought suit to recover its value. Defendant contended that since the five bundles had been loaded in the car, and properly sealed, the plaintiff, under the terms of the bill of lading, assumed all the liability for loss during transportation.

The trial court found that the defendant failed to deliver the goods at the Harrison station. The testimony was that when the shipment was received at the plaintiff's plant, it was checked up by three of its employes, and the fact of the absence of the fifth bundle was noted by another employe upon the original delivery receipt, and the receipt with that notation was forwarded to defendant.

There was in addition ample testimony furnished from which the trial court reasonably concluded that the fifth bundle was delivered to the plaintiff at Charleston, in West Virginia, but was not placed by defendant upon *its* ferry car at Harrison, to be run into the plaintiff's premises, upon the siding maintained for that purpose.

There was a diversity of testimony upon that question, but the trial court possessing the opportunity of viewing the witnesses *pro* and *con*, and with the advantage of considering the credibility of their testimony, found that the five bundles were not placed upon the ferry car at the Harrison station; and that finding upon well settled rules we cannot disturb. It eliminates from our consideration the legal effect of the consignment, under the terms of the bill of lading, as well as under the provisions of the Interstate Commerce act, which

under the conditions contended for by the defendant, it may be conceded, would relieve the defendant from responsibility, and impose the risk of transportation upon the plaintiff.

It is insisted, finally, that the claim of loss, required by the bill of lading, to be furnished by the plaintiff, within four months, to the defendant, after delivery, was never furnished.

The testimony evinces that in addition to the notation upon the receipt already referred to, there was a letter written by plaintiff to defendant on April 17th, 1916, reciting the facts, and informing defendant that the fifth bundle had not been delivered. The defendant after investigation notified plaintiff by letter, three days thereafter, that they had been unable to locate it. The stress of the reasoning upon this point is placed upon the word "claim," contained in the bill of lading, as follows:

"Claims must be made in writing, to the carrier, at the point of delivery, or at the point of origin within four months after delivery," &c.

We think the information conveyed by the plaintiff to the defendant was substantially a claim within the meaning of the language quoted. The liberality of interpretation placed upon that term by the Federal Supreme Court, and the courts of sister states, where the question has arisen, evinces that the fundamental reason for the requirement is to enable the carrier to trace the goods within a reasonable period after the delivery, or the failure to deliver, so as to protect itself from resulting loss, upon a subsequent claim for damage.

Manifestly the delivery of a notice of the loss, from which no other inference is reasonably derivable than that the loss has occurred, and giving the substantial particulars as in the case *sub judice*, and which resulted in an investigation, by the carrier, is substantially a claim or a notice of a claim within the reasonable construction of the bill of lading.

The most recent review of the subject is contained in *St. Louis & I. Mt. Ry. Co.* v. *Starbird*, 243 *U. S.* 592, 605. There the court points out the rationale for a reasonable interpretation of the word, as follows: "Such notice puts in permanent form the evidence of an intention to claim damages and will

serve to call the attention of the carrier to the condition of the freight, and enable it to make such investigation as the facts of the case require while there is opportunity so to do."

In conformity with that general view, the rule is generally accepted to be, that a stipulation requiring the giving of notice of a claim for damages must be given a reasonable construction, and a substantial compliance therewith on the part of the shipper is all that is required.

See annotations to *Hoye* v. *P. R. R.*, 191 *N. Y.* 101; 14 *Am. Cas.* 417; 4 *R. C. L.* 796, and cases cited; 10 *C. J.* 336, and cases cited.

The judgment will therefore be affirmed, with costs.