**REAL ESTATE LAND TITLE & TRUST CO. v. GENERAL MISSIONARY SOC. OF THE GERMAN BAPTIST CHURCHES OF NORTH AMERICA et al.**

No. 13722.

Court of Civil Appeals of Texas. Fort Worth.

March 11, 1938.

Rehearing Denied April 15, 1938.

George M. Hopkins, of Denton, for appellant.

Davis & Davis, of Denton, for appellees.

DUNKLIN, Chief Justice.

In accordance with its charter provisions, the city of Denton executed to the Jagoe Construction Company a paving certificate, in the sum of $535.75, of date March 25, 1930, payable in five equal installments of $107.15, evidenced by coupons attached, payable in one, two, three, four, and five years after date, respectively, each drawing interest from date at the rate of 8 per cent. per annum, with a stipulation for a reasonable attorney's fee and costs of collection, in addition, all of which was assessed against the General Missionary Society of the German Baptist Churches of North America, hereinafter designated as the Society, together with a special assessment lien on lot 2, block 1, of the Barb addition to the city, owned by the Society.

The first two coupons, Nos. 1 and 2, were paid by the Society to the Real Estate Land Title & Trust Company, the holder thereof, but the Society refused to pay the other three assessments to that holder.

The paving certificate embodied this stipulation:

"That the sums payable hereon may be paid to the Assessor and Collector of Taxes of said City, who shall issue his receipt therefor, which shall be evidence of such payment on any demand for the same, and when the full amount due on this certificate has been paid, the said Jagoe Construction Company, or other legal holder hereof, shall surrender it to the owner of said premises, and upon presentation thereof to said Assessor and Collector of Taxes he, shall issue his receipt in full payment of said assessment.

"That said Assessor and Collector of Taxes shall at once deposit the sums paid hereon with the City Treasurer, and upon payment of any installment hereof, with interest, upon surrender of the coupon therefor receipted in full by the legal holder of this certificate, said Treasurer shall pay the amount due thereon to the said holder hereof."

On June 5, 1935, the Real Estate Land Title & Trust Company instituted this suit against the Society, to recover the amounts stipulated in coupons Nos. 3, 4, and 5, with interest thereon, and attorney's fees, in the sum of $150.

On June 22, 1935, which was 17 days after the suit was instituted, the Society deposited with the city secretary of Denton $273.50, for the use and benefit of the holder of coupons Nos. 4 and 5, and, according to the testimony of the city secretary, he was authorized in his official capacity to accept that deposit, and that he executed his receipt therefor to the Society.

The Society filed an answer to plaintiff's petition, in which it pleaded the statute of limitation of two years to the plaintiff's right of recovery on coupon No. 3; also pleading payment of coupons 4 and 5 by a deposit of the money due thereon, principal and interest, with the city secretary.

By supplemental petition, in reply to that plea of limitation, plaintiff alleged an acknowledgment in writing by the Society of the justness of that debt, within the period of limitation pleaded by the defendant, by reason of which there was no merit in the plea of limitation urged. The acknowledgments in writing, alleged by the plaintiff to relieve the demand of the bar of limitation, consisted of three letters written by William Kuhn, general secretary of the Society, in its office in Forest Park, Ill., the first of date September 7, 1934, the second of date February 7, 1935, and the third of date February 28, 1935; and two letters by Phillip Potzner, the representative of the Society in Dallas, Tex., one of which was of date February 1, 1935, and the other of date February 4, 1935; all of which acknowledged the justness of the debt evidenced by coupons 3 and 4, and all of which were written in reply to letters by Mr. George M. Hopkins, attorney for the plaintiff in the case, demanding payment of those two coupons. The defendant filed a verified answer, alleging that the letters so pleaded by plaintiff, written by William Kuhn and Phillip Potzner, were written without any authority of the Society and without any consideration therefor.

The case was tried by the court, without the aid of a jury, and judgment was rendered, sustaining the defendants' plea of limitation of the plaintiff's demand for recovery on coupon No. 3, and denying plaintiff a recovery on coupons 4 and 5, by reason of the payment of $273.50 thereon, into the city secretary, for the use and benefit of the plaintiff, with the further finding that that amount was sufficient to cover principal and interest due upon those certificates at the time of said payment. Judgment was rendered in plaintiff's favor for the sum of $35, as attorney's fees for suit on coupons Nos. 4 and 5, with foreclosure of the assessment lien on the property to secure the same. It was further found that the Society having tendered to plaintiff the full amount due and owing, all costs of the suit should be and were adjudged against the plaintiff. From that judgment plaintiff has appealed.

The letters written by Kuhn and Potzner, pleaded by the plaintiff, were admitted in evidence, over defendant's objection. Those letters were written for and in behalf of the Society, in answer to letters written by George Hopkins, as attorney for the plaintiff, addressed to the Society, at its general office, in Forest Park, Ill., demanding payment of the coupons sued on, and explicitly acknowledged the justness of the Society's indebtedness thereon, and thereby removed the bar of limitation pleaded as against coupon No. 3. Vernon's Tex.Ann.Civ.St., art. 5539. It follows, therefore, that the trial court erred in sustaining the plea of limitation to that coupon, as complained of in one of appellant's assignments of error.

By another assignment, appellant complains of the refusal of the court to allow attorney's fees for the suit to collect coupon 3, as well as coupons 4 and 5, since the suit to collect on all three coupons and to recover attorney's fees therefor had been filed some 17 days before that deposit was made.

It is unnecessary to determine the merits of this last contention, since, for the error noted in sustaining the plea of limitation to coupon No. 3, the judgment must be reversed and the cause remanded for trial of the case in its entirety, including the disputed issue of tender, found by the trial court, and it is so ordered. In this connection, we deem it sufficient to say that appellant's assignments of error are such as to require consideration, and therefore appellees' objections thereto are overruled. See conclusions of Supreme Court in Gavin v. Webb, 128 Tex. 625, 101 S. W.2d 217.

Appellees present certain cross-assignments, complaining, first, of lack of evidence to show that plaintiff was the owner of the coupons sued on, and, second, alleged lack of proof to show authority of Kuhn and Potzner to bind the Society by the admission of its indebtedness on the coupons sued on. Since plaintiff was the holder of the coupons, and the defendant had recognized it as the owner, by payment to it of coupons 1 and 2, and pleaded a tender to it of payment of coupons Nos. 4 and 5, it cannot be said that there was a total lack of proof of such ownership. Nor are we prepared to say that there was a total lack of proof of agency in Kuhn and Potzner to write the letters referred. to above, acknowledging the justness of the indebtedness sued on, since they were written in apparent scope of their agency. 2 Tex.Jur. par. 39, p. 425; par. 40, p. 427; par. 134, p. 535. At all events, the points made by these cross-assignments may be urged upon another trial of the case in its entirety, and therefore it is unnecessary to definitely determine their merits on this appeal.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded.