THE GENERAL MISSIONARY SOCIETY OF THE GERMAN BAPTIST CHURCHES OF NORTH AMERICA V. REAL ESTATE LAND TITLE & TRUST COMPANY.

No. 7433. Decided February 14, 1940.
Rehearing overruled March 20, 1940.
(136 S. W., 2d Series, 599.)

*Weldon O. Calhoun* and *Davis & Davis,* all of Denton, for plaintiff in error.

An officer of a corporation does not, by virtue of being

such officer, have authority to waive the statute of limitation on obligations owed by such corporation. Nor can he revive a debt barred by limitation by acknowledging in a letter the justness of same. Adkins-Polk Co. v. Pate, 11 S. W. (2d) 654; Rodgers v. First National Bank of Paris, 68 S. W. (2d) 371; Williams & Miller Gin Co., v. Knutson, 63 S. W. (2d) 576.

*Geo. M. Hopkins,* of Denton, for defendant in error.

Letter written by the general secretary of the defendant who had been charged with negotiations of the transaction, from the company's home office, acknowledging the claim and seeking to make arrangement for further time was binding on the defendant. McCarty v. City of Denison, 262 S. W. 830; Roane v. Ross, 84 Texas 46, 19 S. W. 339; Angel v. Miller, 90 Texas 505, 39 S. W. 916.

Mr. Judge Hickman delivered the opinion of the Commission of Appeals, Section A.

Defendant in error was plaintiff and plaintiff in error was defendant in the trial court. They will carry the same designations in this opinion. The suit was upon installments 3, 4 and 5 of a paving certificate issued by the City of Denton, and for a foreclosure of the assessment lien upon certain real estate belonging to defendant. Defendant pleaded limitation as a defense to installment 3. The trial court sustained the plea and denied plaintiff any recovery upon that installment. Upon appeal by plaintiff the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. 115 S. W. (2d) 466.

Admittedly, the plea of limitation was good, unless defeated by the matters pleaded by plaintiff in its supplemental petition. In that petition plaintiff declared upon certain letters therein set out, some of which were signed "William Kuhn, General Secretary," and others were signed "Phillip Potzner." It was alleged that Kuhn and Potzner were agents of defendant, that by and through such letters defendant acknowledged the justness of the installment sued on and promised to pay same, and that it was therefore estopped to plead limitation and had waived its right so to do.

A question is raised as to the sufficiency of the language employed in these letters to acknowledge the justness of the indebtedness, but we do not find it necessary to consider that question. We are assuming its sufficiency for that purpose and are basing our decision of the limitation question upon another ground as hereinafter reflected:

In answer to plaintiff's supplemental petition defendant filed its verified plea of non est factum, in which plea it was alleged that the letters pleaded in the supplemental petition were not executed by the defendant or under its authority. A further verified plea was interposed, in which it was alleged specifically that neither Kuhn nor Potzner had been given any authority to bind the defendant by a promise to pay this indebtedness, and that, if such promise was made, same was not binding upon it.

The case was tried before the court without the aid of a jury. The judgment specifically recited that the court found that installment No. 3 was barred by the statute of limitation, duly pleaded by the defendant.

■ The effect of the plea of non est factum was to cast upon the plaintiff the burden of proving that the letters relied upon to save the case from the bar of the statute of limitation were executed by a duly authorized agent of the defendant. Revised Statutes, Article 3734. Robertson v. DuBose, 76 Texas 1, 13 S. W. 300; Galveston-Houston Interurban Land Co. v. Dow, 193 S. W. 353 (error refused); 17 Tex. Jur. 693, Sec. 295; 33 Tex. Jur. 625, Sec. 174.

■ In support of its claim that it discharged that burden plaintiff invokes the reply letter rule of evidence, which was well expressed in Hartford Fire Insurance Co. v. Ollinger & Bruce Dry Dock Co., 16 Ala. App., 302, 77 So. 452, in this language: "The receipt of a letter answering a letter addressed to another, and signed by one purporting to be the agent of the person addressed, raises the presumption both of genuineness of the signature and of the authority of the writer to bind the person addressed." That rule is recognized in this jurisdiction: St. Louis Southwestern Ry. Co. v. McIntyre, 36 Texas Civ. App., 399, 82 S. W. 346; 17 Tex. Jur. 747, Sec. 324. But the difficulty in plaintiff's position lies in the fact that the record does not contain sufficient evidence to bring this case within the rule. Some of the letters relied upon were signed "William Kuhn, General Secretary," and others were signed "Phillip Potzner." Plaintiff introduced copies of only two letters written by his counsel. One of these was dated February 12, 1935, and addressed to "Mr. William Kuhn, post office Box 6, Forest Park, Illinois," and the other was dated February 4, 1935, and addressed to "Rev. Phillip Potzner, 2012 North Fitzhugh, Dallas, Texas." Plaintiff's cause of action, if any it had, was based on the new promise, and not upon the original certificate. York v. Hughes (Com. App.) 286 S. W. 165; White v. Stewart, 19 S. W. (2d)

795 (error refused) ; Cannon v. Stanley, 100 S. W. (2d) 377; 29 Tex. Jur. p. 270, Sec. 174.

■ If defendant is to be held liable on these letters, it must have authorized them. Had a letter been sent to it at its address, which apparently was 7346 Madison Street, Forest Park, Illinois and in reply thereto the letters relied upon had been received it could be justly presumed that the defendant authorized them; this for the reason that when a letter is sent to a corporation and a reply is received thereto, it is to be presumed that the matter followed the regular channels through the office, and that the person or persons having the power to do so designated the one signing the reply letter to handle the matter and gave him the authority to bind it by the statement made in his reply. There is no ground for such a presumption when it is not shown that the corporation was called upon to make a designation. Obviously, a plaintiff must offer positive evidence aliunde bringing his case wthin the rule, for the rule itself, beng but a presumption, cannot be built upon a presumption.

■ In this state of the record, it cannot be held that the trial court erred in sustaining the plea of limitation. From this it follows that, in our opinion, the Court of Civil Appeals erred in reversing the trial court's judgment on that ground.

■ The plaintiff (defendant in error here) prosecuted no writ of error to this Court. It, therefore, presents to us no question for decision; but, since we have determined that the judgment of the Court of Civil Appeals cannot stand on the ground upon which it was based, we have inspected the briefs in that court for the purpose of determining whether we would be authorized to affirm its judgment upon some other ground. We have the authority to affirm that judgment, and it is our duty to do so, if it may be done upon a consideration of the brief filed by plaintiff in that court. Cox v. Humble Oil & Refining Co. (Tex. Com. App.) 16 S. W. (2d) 285; Garcia v. Moncada, 127 Texas 453, 94 S. W. (2d) 123; Independent Eastern Torpedo Co. v. Herrington, 128 Texas 17, 95 S. W. (2d) 377.

■ We have inspected the brief filed by plaintiff in that court and, after considering the assignments therein contained, have concluded that none of them can be sustained. There is one assignment brought forward in that brief of which we will make mention. It presents the contention that the court erred in concluding that defendant tendered a sufficient amount to pay all of the principal and accrued interest on installments 4 and 5. An inspection of the record indicates that the court probably

erred to the extent of $4.60 in calculating such interest. The plaintiff did not call the attention of the trial court to this error by a motion for a new trial. Had it done so we must presume that that court would have corrected the error. It is a well established principle that appellate courts will not reverse an otherwise errorless judgment because of slight mistakes of calculation when the trial court is given no opportunity, in a motion for new trial, to correct such error. Wills Point Bank v. Bates, 72 Texas 137, 10 S. W. 348; Orange Rice Mill Co. v. Noguess, 246 S. W. 117 (writ refused) ; Martin v. Lee County State Bank, 265 S. W. 1057 (writ refused) ; Hartford Fire Insurance Co. v. Owens, 272 S. W. 611 (writ refused). Annotation 44 A. L. R. p. 175 et seq.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court February 14, 1940.

Rehearing overruled March 20, 1940.