UNITED MUTUAL FIRE INSURANCE COMPANY *vs.* RAILWAY EXPRESS AGENCY, INCORPORATED.

Suffolk.   October 8, 1948. — November 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Carrier,* Of goods, Claim.

A letter to a carrier from a consignor of goods, stating that the consignee had reported a failure to deliver a part of the shipment and requesting that the carrier "check and show proof of delivery of the entire" shipment, was not a claim against the carrier within a provision of the receipt issued by it to the consignor requiring that as a condition precedent to recovery a claim for failure to make delivery be made in writing within a specified time.

CONTRACT OR TORT. Writ in the Municipal Court of the City of Boston dated May 6, 1947.

The action was heard by *Tomasello,* J.

*A. M. Pinkham,* for the defendant.

*S. H. Rogers,* for the plaintiff.

LUMMUS, J. The evidence tended to show the following facts. On May 19, 1944, Russell Electric Company at Chicago entrusted to the defendant fifteen boxes of motor

alternators for delivery to Raytheon Manufacturing Company at Waltham in this Commonwealth. One box, valued at $495, was never delivered. The shipper's collect receipt issued to Russell Electric Company in a form approved by the interstate commerce commission contained the following provision: "As conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within nine months after delivery of the property or, in the case of failure to make delivery, then within nine months and fifteen days after date of shipment . . .."

On July 3, 1944, Russell Electric Company sent a letter to the defendant, addressed to its tracing department, the material part of which was as follows: "Consignee has reported that only 14 of the boxes were delivered, and we ask that you check and show proof of delivery of the entire 15 boxes that were turned over to your driver."

The plaintiff, the assignee of the rights of Raytheon Manufacturing Company, requested rulings that the letter of July 3, 1944, constituted a claim in writing within the requirement of the receipt, and that the plaintiff was entitled to a finding for $495 with interest. The judge denied the requests, and found for the defendant. The Appellate Division vacated that finding, and ordered judgment for the plaintiff for $495. The defendant appealed to this court.

The only question is whether the letter of July 3, 1944, was a sufficient claim. Under the receipt, if a claim was made, it was immaterial whether it was made by the consignor or the consignee. *Beltrami Co-operative Creamery Association* v. *American Railway Express Co.* 160 Minn. 221. If we look at the letter without the aid of precedents, it would seem that the consignor was desirous of obtaining proof of delivery in order to hold the consignee for the price, rather than proof of nondelivery in order to hold the carrier. The letter contained no intimation that any action against the carrier was contemplated.

In *Georgia, Florida & Alabama Railway* v. *Blish Milling Co.* 241 U. S. 190, 193, followed in *Fisk Rubber Co. of New York* v. *New York, New Haven & Hartford Railroad*, 240 Mass. 40, where a bill of lading required that claims be

made in writing within four months, a telegram stating that the consignor "will make claim" was held a sufficient claim, although the future tense was used. In accord are *E. H. Emery & Co.* v. *Wabash Railroad*, 183 Iowa, 687, and *Cudahy Packing Co.* v. *Bixby*, 199 Mo. App. 589. See also *United States* v. *Kales*, 314 U. S. 186, 196. In some cases a mere statement that the goods have been lost, or a mere request to the carrier to trace them, has been held a "claim" within such a provision. *Hyatt Roller Bearing Co.* v. *Pennsylvania Railroad*, 92 N. J. L. 94. *Thompson* v. *Levy Brothers Dry Goods Co.* (Texas Civ. App.) 180 S. W. (2d) 212. But the weight of authority appears to be to the contrary. *R. P. Hazzard Co.* v. *Maine Central Railroad*, 121 Maine, 199. *Bronstein* v. *Payne*, 138 Md. 116. *A. Russo & Co.* v. *United States*, 40 Fed. (2d) 39. *Kusin* v. *Chicago, Rock Island & Pacific Railway*, 168 Ark. 293. *Calumet & Hecla Mining Co.* v. *Delaware, Lackawanna & Western Railroad*, 198 App. Div. (N. Y.) 348. *Browning-King & Co.* v. *Davis*, 120 Misc. (N. Y.) 520. *Dworsky* v. *Pennsylvania Railroad*, 160 Misc. (N. Y.) 360. *Cudahy Packing Co.* v. *Bixby*, 199 Mo. App. 589. In *Fisk Rubber Co. of New York* v. *New York, New Haven & Hartford Railroad*, 240 Mass. 40, 43, letters requesting the carrier to trace an undelivered shipment were held not to constitute "claim[s]." Compare, under the somewhat different provision for notice of breach of warranty contained in G. L. (Ter. Ed.) c. 106, § 38, *Nashua River Paper Co.* v. *Lindsay*, 249 Mass. 365, 370; *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, 168; *Guthrie* v. *J. J. Newberry Co.* 297 Mass. 245, 247; and *Howard* v. *Lowell Coca-Cola Bottling Co.* 322 Mass. 456.

We are of opinion that the letter to the defendant of July 3, 1944, did not constitute a "claim" within the language of the receipt.

*Order of Appellate Division reversed.*
*Judgment for the defendant.*