CORBAMEX, S.A. et al., Appellants,

v.

REPUBLIC CARLOADING AND DISTRIB-UTING CO., Inc., Appellee.

No. 14243.

Court of Civil Appeals of Texas.

San Antonio.

April 15, 1964.

Rehearing Denied May 20, 1964.

Jacob G. Hornberger, Laredo, for appellant.

Elmore H. Borchers, Laredo, for appellee.

MURRAY, Chief Justice.

This action was instituted in the District Court of Webb County, Texas, by Corbamex, S. A., and Jose A. Montemayor E. Hijos, against Republic Carloading and Distributing Co., Inc., for damages covering the loss of two cases of silk tie material. Three cases of such material were shipped in bond by the plaintiffs under a bill of lading contract covering the transportation from New York City to Laredo, Webb County, Texas. The three cases were delivered to Republic Carloading and Distributing Co., Inc., known as a freight forwarding company, on October 29, 1957, at its terminal, pier 20, North River, New York. One case arrived in Laredo on November 4, 1957, but the other two cases were never delivered and are presumed lost.

One of the terms and conditions of the bill of lading covering this shipment is as follows:

"As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed; and suit shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

It is clear that under this provision the duty was upon plaintiffs to file a written claim against the defendants within the time stated in the bill of lading before they could maintain this lawsuit. This they did not do and the trial court rendered judgment in favor of the defendant, and plaintiffs have prosecuted this appeal.

Appellants contend that two letters written by them to appellee, one dated February 20, 1958, and the other, August 7, 1958, constituted the filing of a claim within the time stated in the bill of lading. We do not agree. Omitting formal parts, these two letters read as follows:

"We are now informed by the ultimate consignee that only one of the three cases has been received. We kindly ask you to trace this shipment and let us have your report at your earliest."

"Up to this date you have failed to give us any report on the matter and since consignee has not as yet received the other two cases, we hereby ask you to put a tracer on this shipment

940

and to inform us of the outcome. We repeat that you received the shipment in question on October 29th, 1957, at your terminal, pier 20, North River."

These letters do not constitute a "claim," they go no further than to inform appellee that two of the cases of material had never been delivered, and ask them to put a tracer on the shipment and inform appellants of the outcome. There is no intimation that a "claim" is being made.

The facts were stipulated by the parties and, as stated in these stipulations, these three cases of tie material were delivered to and accepted by appellee in New York City on October 29, 1957, for transportation to Laredo, Texas, under a uniform bill of lading contract. The three cases were covered by and moved under the one and same bill of lading, and one of the cases arrived in Laredo seven days later, on November 4, 1957. The other cases never arrived. The appellants, on November 4, 1957, notified the consignee in Laredo of the arrival of the one case, and that it was ready for pickup by consignee. The one case is not involved in this suit; only the two lost cases are here involved. There is no dispute that under the provisions of the bill of lading it was the duty of appellants to file a written claim of loss with appellee within nine months after the cases were shipped, after allowing a reasonable time for delivery. 11 Tex.Jur.2d p. 230, § 461.

The parties stipulated as to reasonable time for delivery as follows: "Not more than ten days was a reasonable time in which to make delivery of the said shipment from New York City to Laredo, Texas, at the time in question by the Defendant. The above described actual shipment required seven days for delivery by railroad carriers and Defendant and the usual time is not over seven days." Thus the time for giving written notice expired on August 8, 1958. A formal notice of a claim was filed by ap-

pellants on October 15, 1958, which came too late.

Appellants' two letters, dated February 20, 1958, and August 7, 1958, respectively, do not constitute the filing of a "claim" in writing with appellee. These letters are not "claims," they only ask appellee to trace this shipment and let appellants have a report.

Appellants cite the case of Thompson v. Levy Bros. Dry Goods Co., Tex.Civ.App., 180 S.W.2d 212, writ of error dismissed, as supporting their contention that these letters do constitute the filing of a "claim" in writing with appellee. We feel that the wording of the letter written to the shipper in that case, and the shipper's answer thereto distinguish it from the instant case, but if we be wrong in this, then we refuse to follow that case as we regard it as against the weight of authority. A full discussion of this question is found in United Mut. Fire Ins. Co. v. Railway Exp. Agency, 323 Mass. 354, 82 N.E.2d 215, wherein a large number of cases in conflict with Thompson v. Levy are cited.

The Thompson-Levy case arose in the Justice Court and the Supreme Court of this State did not have jurisdiction unless a conflict of decisions was pointed out. The Supreme Court dismissed the application for a writ of error and thus it was never approved by the Supreme Court.

We are of the opinion that the two letters written in the case at bar, taken separately or together, did not constitute the filing of a written "claim" for the two lost cases of silk tie material. Texas & N. O. R. Co. v. McNatt, Tex.Civ.App., 223 S.W.2d 651; Hazzard Co. v. Maine Central Ry. Co., 121 Me. 199, 116 A. 258, 259; United Mut. Fire Ins. Co. v. Railway Exp. Agency, supra. Definitions for the word "claim" are to be found in 7 Words and Phrases, beginning on page 445.

The judgment is affirmed.