Gerald H. FORTNEY, Appellant,

v.

OLIVETTI UNDERWOOD COR-
PORATION, Appellee.

No. 14684.

Court of Civil Appeals of Texas.

Houston.

Jan. 6, 1966.

Flowers & McManus, Ervin Flowers, Channelview, for appellant.

Parrish & Webb, Don S. Webb, Houston, for appellee.

COLEMAN, Justice.

This case originated as a suit on a sworn account. In response to appellant's answer setting up the applicable statutes of limitation as a defense, appellee filed an amended petition in which it alleged a written acknowledgment of indebtedness. The principal question to be determined is whether or not appellee alleged and proved compliance with the condition attached to the promise to pay contained in the letter.

Plaintiff's original petition was filed August 4, 1964. The first amended petition, filed February 19, 1965, on which appellee proceeded to trial, sought to recover the purchase price of two typewriters, one purchased November 30, 1959, and the other September 9, 1960, together with repair charges in the sum of $34.50 allegedly incurred between February 10, 1960 and June 23, 1960, making the total recovery sought the sum of $977.90 plus interest and at-

torney's fees. Paragraph V of this petition reads:

"Further and without waiving any of the heretofore alleged matters Plaintiff shows in reply to the answer of the defendant that said account is barred by the Statute of Limitations, that on or about the 16th day of January, 1962, the defendant wrote to the plaintiff a letter, attached hereto as EXHIBIT B and made a part hereof by reference, said letter being made in response to several requests for payment by plaintiff of the indebtedness owed to it by the defendant. Plaintiff says and alleges that by reason of this written acknowledgment and promise to pay by the defendant of this debt and account that said account or indebtedness is not barred by the Statute of Limitations, and in the alternative, the sum of at least $552.10 is not barred by the Statute of Limitations."

Exhibit B reads as follows:

GERALD H. FORTNEY
Lawyer

111 East Texas Avenue
Baytown, Texas

January 16, 1962

Stanley K. Oldden, Inc.
36 West 46th Street
New York 36, New York
Attn: Mr. Stanley K. Oldden
Re: Underwood Account

Dear Mr. Oldden:

I am enclosing my check to Underwood Corporation for $200.00, constituting partial payment on the above referenced account. You will note that on the back the endorsement provides that it acknowledges the full balance remaining unpaid to Underwood is $352.10.

As I told you on your collect telephone call, I have been out of my office for several months, and out of

town the majority of the time for almost a year, and have admittedly neglected my correspondence. Since your call, however, I have checked into this matter, and find the following facts with reference to this claim:

At the time this equipment was bought from the Underwood Corporation, a check in the amount of $117.70 was given as down payment. For some reason, unknown to me, this check wasn't sent to my bank for a period of approximately six months; and according to my bank, was then returned to the Underwood Corporation. Prior to this time, and prior to the time the first payment was due, we wrote the Underwood Corporation, asking about disposition of this check and the payment schedule. We have not received a reply from Underwood to either of these requests; nor have we ever received any correspondence or requests for payment until December, 1961, at which time their request for payment was for a sum almost double the purchase price.

If you accept the enclosed check in accordance with these terms, the remaining balance will be paid on or before February 15, 1962.

If you have any further questions in this matter, please feel free to call on me at any time.

Yours very truly,
/s/ Gerald H. Fortney
Gerald H. Fortney

GHF/rk
Encl.

During the course of the trial appellee abandoned his suit as to the original account and relied solely on the letter and check. The check referred to in Exhibit B was held by appellee for several months, but was deposited by appellee. It was returned by appellant's bank. It bears the notation "Insufficient funds." Appellant testified that he received a letter from appellee refusing to reduce the account and then stopped payment on the check. There is testimony that the check was sent through the bank several times and that it was never paid.

When appellee first offered the letter and check into evidence, the trial court refused to admit it, stating as his reason that "the testimony shows it (the check) accompanied the letter offering a compromise of a disputed claim. The testimony shows it was refused by the plaintiff."

After the attorney for appellee stated to the court that he was "contending that the plaintiff is due the sum of $552.10, and I am basing my case on this letter," the letter and check were re-offered. The court then stated: "In that case the letter is not an offer of a compromise of a claim. It admits the entire claim you made. Consequently, it is now admissible and your offer is accepted and it is admitted in evidence."

The letter which appellant testified he received from appellee refusing his compromise offer was marked as an exhibit, but was never received into evidence.

The rule of law applicable to this case was announced by the Supreme Court in Coles v. Kelsey, 2 Tex. 541, 542 (headnote), as follows:

"If a cause of action appears on its face to be barred by the statute of limitations at the commencement of a suit, and the plaintiff relies on a subsequent promise to remove the bar, he must allege that promise in his petition as the foundation of his action, and set out the original cause of action, only as the consideration for the subsequent promise.

" * * *

"It is of no importance, whether the subsequent promise was made before or after the bar was complete under the statute. If the plaintiff relied upon the subsequent promise to remove the bar, in either case, he must declare upon that promise in his petition."

In White v. Stewart, Tex.Civ.App., 19 S.W.2d 795, err. ref., the court, after quoting from Coles v. Kelsey, supra, and citing other cases, said:

"Under the above authorities, appellee Stewart was required, if he relied upon the new promise, to have alleged that promise in plain and emphatic terms, as the basis of his cause of action; this he failed to do, as is demonstrated, not only by his petition, but by his interpretation thereof, * * *.

" * * *

" * * * The statute of limitation put in motion against a judgment cannot be suspended or in any respect prolonged by the making of a new promise; for the making of a new promise to pay a claim, either before or after the completion of the bar of such claim, creates a cause of action upon the new promise, and the statute of limitation applicable to such new promise can only be invoked, which, in the instant case, is four years, and was put in motion on the date of the making of the alleged new promise, as no date was fixed therein for its performance."

White v. Stewart, supra, was cited as authoritative by the Commission of Appeals of Texas in General Missionary Soc. etc. v. Real Estate Land Title & Trust Co., 134 Tex. 564, 136 S.W.2d 599, opinion adopted.

The cause of action alleged in appellee's amended petition, with an exception to be noted, was on the original debt. He alleged that by reason of the new promise the account, or, in the alternative, $552.10 thereof, was not barred by the statute of limitation. This was not a pleading of a cause of action on the new promise with the old debt set up as consideration. However, appellee did plead as a basis for relief the check in the amount of $200.00. This check, when considered in connection with the letter and testimony, constituted a recognition of indebtedness, together with a conditional promise to pay the sum of $200.00 on acceptance of the condition and the additional sum of $352.10 on or before February 15, 1962. The condition was an agreement that this total sum would constitute full settlement of the disputed claim for $977.90. There is no allegation that this condition was accepted by appellee. There is no testimony that appellee ever agreed to these terms in settlement of the disputed claim. Appellant testified that appellee refused to agree to the terms of settlement which he proposed in the letter. The only evidence of acceptance is the fact that appellee deposited the $200.00 check for collection and that the check bore on the back thereof the notation "Endorsement of this check constitutes acknowledgment that the balance due payee from payor, after the payment of this check, is the amount of $352.10." There is no testimony that the check was endorsed by appellee. While the check was introduced into evidence, the reverse side of the check does not appear in the statement of facts or the transcript.

Tested by the rule stated in Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791, the fact that the check was sent to the bank for payment through the usual banking channels might be a sufficient basis for an inference that appellee accepted the endorsed condition and that it had endorsed the check.

Since this was a trial before the court without a jury, ordinarily it would be presumed in support of the judgment of the trial court that he had rejected appellant's testimony that the proposed settlement had been rejected by appellee and that he had found, on the basis of the presentment of the check, an acceptance of the condition written thereon.

However, appellant filed a request for findings of fact and conclusions of law with the District Clerk May 8, 1965. The case proceeded to trial on March 24, 1965, but the judgment recites that it was entered May 10, 1965. Subscribed on the request for findings is: "Noted May 13, 1965. Request denied because it is filed too late."

followed by the signature of the trial judge. The request was timely filed. Rules 297, 306a and 386, Texas Rules of Civil Procedure.

While appellant did not call the attention of the trial judge to his failure to file the requested findings within five days after the period for making such findings, as required by Rule 297, T.R.C.P., this failure is immaterial in view of the action taken by the trial court in denying the request. The importance of findings of fact in this case is made clear by the comment of the trial court that the testimony showed that the compromise offer was refused. It is apparent that the presentation of appellant's case on appeal was hindered by the failure of the trial court to file his findings.

That the issue of acceptance by appellee of the condition attached to the promise to pay is a vital one is settled by a long line of cases illustrated by York v. Hughes, Tex.Com.App., 286 S.W. 165, where the court said:

"An unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by expressions indicating an unwillingness to pay same, will raise the implication of a new promise to pay the indebtedness. But if the acknowledgment of the existence of the indebtedness be qualified by an expressed promise to pay same conditionally, a promise different from the one so expressed will not be implied. In such a case the fulfillment of the named condition becomes a prerequisite to the debtor's liability on the new promise. Salinas v. Wright, 11 Tex. [572, 574]; McDonald v. Grey, 29 Tex. 80; Webber v. Cochrane, 4 Tex. 31; Smith v. Fly, 24 Tex. [345] 354, 76 Am.Dec. 109; Mitchell v.

Clay, 8 Tex. 443; Coles v. Kelsey, 2 Tex. [541] 556, 47 Am.Dec. 661; Rowlett v. Lane, 43 Tex. 274; Howard v. Windom, 86 Tex. 560, 26 S.W. 483."

To the same effect see Lange v. Carothers, 70 Tex. 718, 8 S.W. 604; American Exchange Nat. Bank of Dallas v. Keeley, Tex.Civ.App., 39 S.W.2d 929, writ dism.; Remy v. Sayeg, Tex.Civ.App., 13 S.W.2d 472; Rappmund v. Zalontz, Tex.Civ.App., 137 S.W.2d 870; Smallwood v. Melton, Tex.Civ.App., 97 S.W.2d 781, writ dism.

It also appears from the comment of the trial judge that his judgment may have been based on the fact that during the course of the trial counsel for appellee in effect accepted the condition by stating that he based his case on the letter and check.

In Mitchell v. Clay, 8 Tex. 443, the court said:

"The error in the instruction was that it treated the acknowledgment as unconditional. The essential inquiry was whether there had been an acceptance or offer to accept the proposition within a reasonable time. That question was left out of view, or, in effect, withdrawn from the consideration of the jury by the instruction.

"What was a reasonable time must depend upon the places of residence and the relative positions of the parties, their means of intercommunication, and the other facts and circumstances of the case."

The error of the trial court in refusing to file findings of fact and conclusions of law requires that this case be reversed and remanded for a new trial. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117.

Reversed and remanded.