ACCEPTED
04-15-00548-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
12/2/2015 2:18:15 PM
KEITH HOTTLE
CLERK

NO. 04-15-00548-CV

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/2/2015 2:18:15 PM
KEITH E. HOTTLE
Clerk

RUFINA REYES YANEZ

*Appellant*,

v.

AMERICAN GENERAL LIFE INSURANCE CO.

*Appellee*.

ON APPEAL FROM THE 341ST JUDICIAL DISTRICT COURT OF WEBB COUNTY, TEXAS

Trial Court Cause No. 2014CVF000504 D3

**APPELLEE'S RESPONSE TO APPELLANT'S MOTION
FOR THE COURT TO TAKE MANDATORY JUDICIAL NOTICE**

David T. McDowell                EDISON, MCDOWELL & HETHERINGTON LLP
State Bar No. 00791222           Phoenix Tower
Jason A. Richardson              3200 Southwest Freeway, Ste. 2100
State Bar No. 24056206           Houston, Texas 77027
Robert P. Debelak III            Telephone:  713-337-5580
State Bar No. 24078410           Facsimile:   713-337-8850
                                 david.mcdowell@emhllp.com
                                 jason.richardson@emhllp.com
                                 bobby.debelak@emhllp.com

                       *Counsel for Appellee*

## I. Introduction.

1. Appellant's "Motion for the Court to Take Mandatory Judicial Notice" (the "Motion") has no basis in fact or law. The Motion purports to contain a plea of "*non est factum*," which has no application to this case. Further, Appellant does not identify any facts or documents for which the Court can or should take judicial notice. The Court should disregard the Motion because it is moot and baseless.

## II. Appellant's Motion is Moot and Baseless.

2. As a preliminary matter, the Court should deny the Motion as moot because it lacks jurisdiction over this appeal, which has already been dismissed. Appellant failed to file a timely notice of appeal, and thus failed to invoke the Court's jurisdiction. Any attempt to reinstate the appeal is futile, and no amount of judicially noticed facts can change that.

3. Appellant attempts to overcome this by purportedly "enter[ing] a plea of non est factum." Motion, at ¶ 3. By "entering" this plea, Appellant argues, the Court is somehow required to take judicial notice of documents that appear on its own docket. *Id.* None of this makes any sense.

4. Under Texas law, "[a] plea of *non est factum* is a plea denying execution of an instrument sued on." *Barcroft v. Apex Holdings, Ltd.*, 05-95-01453-CV, 1996 WL 743626, at *4 (Tex. App.—Dallas Dec. 31, 1996, no writ)

(citing Black's Law Dictionary 1053 (6th ed. 1990)). The effect of a plea of *non est factum* is to destroy the prima facie validity accorded to a written instrument and to cast on the opposing party the burden of introducing evidence of execution other than the instrument itself. *General Missionary Soc. of German Baptist Churches of N. Am. v. Real Estate Land Title & Trust Co.*, 134 Tex. 564, 567, 136 S.W.2d 599, 601 (Comm'n App. 1940). Texas law requires that a plea of *non est factum* must be affirmatively plead in a document that is sworn or verified, otherwise the plea is invalid. *See Mansfield State Bank v. Fonville*, 496 S.W.2d 945, 948 (Tex. Civ. App.—Fort Worth 1973), *writ refused NRE* (Oct. 3, 1973).

5.     On its face, Appellant's argument is absurd and one cannot help but wonder if it was mistakenly copied and pasted from some irrelevant document filed in another case. This case involves a life insurance policy that neither of the parties contends to have been signed by Appellant. There are no facts in this case that concern the authenticity of any party's signatures. The Motion does not contain any explanation for why a plea of *non est factum* could possibly be applicable to this matter. None of the documents attached to the Motion demonstrate that any signature is inauthentic, and therefore the Court should decline to take judicial notice of them.

6.     Regardless, the Motion is not a pleading, nor is it verified or sworn by Appellant or any other person who has knowledge regarding the authenticity of

any signatures on any document at issue in the underlying litigation. Appellant's attempt to enter a plea of *non est factum* is invalid and inappropriate.

7. What Appellant appears to be doing is passing the blame for her inaction to her own counsel and the trial court's clerk. For example, in paragraph 4 of the Motion, Appellant argues that the clerk purportedly failed to file a complete record with this Court, which somehow resulted in the dismissal of her appeal. This is nonsense.

8. Appellant failed to timely file a notice of appeal, and thereby failed to invoke the Court's jurisdiction. Even if the trial court clerk had filed a complete record with the Court, the appeal was still subject to dismissal for lack of jurisdiction. The Court properly dismissed this appeal for want of prosecution when Appellant refused to comply with the Court's request for her to show cause on issues relating to jurisdiction. Nothing in the Motion should persuade the Court to reverse course and change its prior judgment.

## III. Conclusion.

For the reasons set forth herein, the Court should deny the Motion.

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By: _____
          Jason A. Richardson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 2nd day of December, 2015, on the following counsel of record by US Mail and email:

Armando Trevino
1519 Washington St., Suite One
Laredo, TX 78042-0544
armando_trevinolaw@hotmail.com
armandotrevinolaw@gmail.com

_____
Jason A. Richardson

## CERTIFICATE OF COMPLIANCE

Per Texas Rule of Appellate Procedure 9.4(i), I hereby certify that this document has 648 words, as calculated by Microsoft Word, the word processing software used to create the document.

_____
Jason A. Richardson