### TEXAS & N. O. R. CO. v. ROSENBLUM.
### No. 11609.

Court of Civil Appeals of Texas.
San Antonio.

May 29, 1946.

Rehearing Denied June 26, 1946.

North & North, of Corpus Christi, for appellant.

Ward & Brown, of Corpus Christi, for appellee.

NORVELL, Justice.

This case is before us upon stipulations. One question only is involved and that is whether or not a "Notice of Exceptions" or an "inspection report" is a "claim" within the meaning of that term as used in a Uniform Straight Bill of Lading.

Judgment below was against the initial carrier upon the holding that the provisions of Section 2b of the bill of lading had been complied with. This section, insofar as material here, reads as follows: "As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property. * * * Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

The trial court allowed a recovery for damages to seven cars of onions shipped by appellee, Joseph Rosenblum, from Taft, Texas, to Detroit, Michigan, which were consigned to Edward Read & Son.

It was stipulated that "Plaintiff (appellee) offered on each car a notice to the delivering carrier on the respective dates of delivery, as follows:

" 'To Wabash Railroad, Detroit, Mich. 5-27-39. In behalf of Edward Read & Son, consignee, we note and take exception herein, to the equipment, commodity, lading and or condition, as noted below: Car PFE 16935, Track 28, commodity Onions. Rubbed and torn bags, bruising, part empty bags, decay, spotted bags in main line.

" 'Binney Inspection Service.'

"On each of such notice the agent for the delivery carrier stamped the time of receipt each of which was dated on the same date as the notice. * * *

"In each instance an employee of the R.P.I.A. (Railroad Perishable Inspection Agency), an agency employed by the railroad for the inspection of damaged commodities, made a report, pursuant to the above notice, to the carrier, of its damage and its extent. Such reports were made on the date of such notice or within one or two days thereafter. (The report on Car PFE-28687 was as follows:

"Railroad Perishable Inspection Agency
Joint Report

Station   Dupt          R. R.   Wab.
Date      5–17–39       Hour ———
Car Initials and No.    PFE–28687
Commodity               Onions
Consignee               Edw. Read and Son
    18 Bad order.
    1 Empty, contents spilled or used
       account breakage.
    19

| Consignee | R. P. I. A. |
|---|---|
| Edw. Read and Son | L. M. Eaton |
|  | Dist. Inspector |
| Per  /s/Read | Per D. McKellar DB") |

"It is agreed that if the facts stated above sufficiently comply with the requirements of the contract evidenced by the bills of lading, the shipper is entitled to recover, but if such facts do not constitute a lawful compliance with the terms of such bills of lading and the Interstate Commerce Act, the shipper shall not recover, and this is the sole question presented for review."

We hold that the "Notice of Exceptions," prepared by the Binney Inspection Service and the report of the R. P. I. A., taken separately, or together, constitute neither a demand for compensation for a loss resulting from improper carriage, nor a notice of intention to claim compensation for such loss. In our opinion the following authorities support this holding: St. Louis I. M. & S. R. Co. v. Starbird, 243 U.S. 592, 37 S.Ct. 462, 61 L.Ed. 917; Payne v. Smith, Tex. Civ.App., 268 S.W. 243; A. Russo & Co. v. United States, 5 Cir., 40 F.2d 39; Cudahy Packing Co. v. Bixby, 199 Mo. 589, 205 S.W.

865; Cudahy Packing Co. v. Atchison T. & S. F. R. Co. 198 Mo. 520, 201 S.W. 623; 13 C.J.S., Carriers, § 239, page 481.

Since no sufficient claim in writing was filed within the nine months' period specified in the bill of lading, the judgment appealed from will be reversed and judgment here rendered that appellee take nothing.

Reversed and rendered.