**TEXAS & N. O. R. CO. v. McNATT.**

No. 11968.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 14, 1949.

Rehearing Denied Oct. 5, 1949.

Keys & Holt, Corpus Christi, for appellant.

Joe J. Alsup, Corpus Christi, for appellee.

W. O. MURRAY, Justice.

This suit was instituted by appellee, Glenn McNatt, against appellant, Texas and New Orleans Railroad Company, for damages to a baby grand piano shipped by appellee over appellant's railroad line from El Paso, Texas, to Corpus Christi, Texas, on February 6, 1947.

The cause was submitted to the court upon agreed statement of facts and judgment rendered in favor of appellee in the sum of $170, from which judgment Texas and New Orleans Railroad Company has prosecuted this appeal.

Appellant's first contention is that the court erred in rendering judgment for appellee because no claim in writing for the asserted damage was filed within nine months after delivery of the piano as required by the bill of lading under which same was accepted and transported by appellant.

The bill of lading provided in part as follows: "As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading or carrier on whose line the loss, damage, injury, or delay occurred, within nine months after delivery of the property * * * Where claims are not filed * * * in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claim will not be paid."

No claim in writing was filed by appellee with appellant within the nine months

period. It was stipulated that during transit the piano was damaged to the extent of $170 by reason of the negligence of appellant carrier. The shipment arrived in Corpus Christi, Texas, on February 11, 1947, and on February 18, 1947, S. A. Nelson, an inspector and employee of appellant, made out and signed an instrument designated "Inspection of Damaged Freight." The words "will repair" appearing on the face of said instrument was written by S. A. Nelson in his own handwriting in the presence of appellee prior to signing this instrument. Thereafter appellee wrote and delivered to appellant on April 21, 1948, a letter enclosing to appellant a claim for damages, which claim was filed some five months too late to meet the requirement of the stipulation in the bill of lading.

■ The stipulation in the bill of lading, to the effect that no damages could be recovered unless a claim in writing for any asserted loss or damage be filed within nine months after the date of delivery was a valid stipulation and binding upon the parties. Schaff v. Ike Exstein & Bro., Tex.Civ. App., 270 S.W. 589.

■ Failure to file a written claim in keeping with the provisions of the bill of lading was an absolute bar to any recovery by appellee. Texas & N. O. R. Co. v. Rosenblum, Tex.Civ.App., 195 S.W.2d 433; St. Louis Southwestern Railway Company of Texas v. Overton, Tex.Civ.App., 178 S.W. 814.

■ Appellee contends that there was a sufficient compliance with the requirement of written notice as set out in the bill of lading. We cannot agree with this contention. It is true that the inspector for the railroad company made a report of his inspection of the piano and wrote on such report the words "will repair," but this cannot be held to be a compliance with the requirement that the appellee file with appellant a written notice of his claim for damages. Appellee relies upon the case of Payne v. Smith, Tex.Civ.App., 268 S.W. 243. In that case there was a letter written in which a demand was made for the delivery of the shipment or the payment of damages. The court merely held that the

fact that the claim was in the alternative either for delivery of the shipment or payment of damage did not render it ineffective as a legal claim for damages. There is no similar state of facts in the case before us.

■ Appellee next contends that the courts apply a different rule as to waiver of written notice in cases involving intrastate shipments from those involving interstate shipments. We find no case so holding. It is true that the shipment in this case was an intrastate shipment, but in view of the provisions of Article 6474, Vernon's Ann.Civ.Stats., prohibiting preferences by railroad companies, we can see no reason for a different rule for intrastate shipments from that of interstate shipments. In the case of Georgia, F. & A. R. Co. v. Blish Milling Co., 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948, it was held that the terms of a bill of lading cannot be waived by either of the parties for the reason that to permit a carrier to waive or estop itself from asserting the provisions in the bill of lading would lead to discriminatory acts forbidden by the interstate commerce act. In view of the provisions of Article 6474, supra, the parties should not be permitted to waive the provisions of a bill of lading in an intrastate shipment for the same reasons.

■ Appellee's next contention is that the requirement of written notice set out in the bill of lading was waived by appellant, by reason of the notation placed upon the inspection of damaged freight by S. A. Nelson, to wit, "Will repair." This same instrument contained the following language: "This report is merely a statement of facts and not an acknowledgement of carrier's liability. Claims for loss and damage must be made in writing to the carrier at point of delivery, or at a point of origin within nine (9) months after delivery of the property, or in case of failure to make delivery, then within nine (9) months after a reasonable time for delivery has elapsed."

Even if the law did permit the carrier to waive a provision of the bill of lading, the conduct of S. A. Nelson, the inspector, was insufficient to constitute such a waiver.

In view of the fact that appellee did not file a written claim for damages as was required by the bill of lading, and as such provision was not waived by appellant, the judgment of the trial court will be reversed and judgment here rendered that appellee take nothing by reason of his suit against appellant.

Reversed and rendered.

SMITH, C. J., absent.