## TEXAS & N. O. R. CO. v. GULF DISTRIBUTING CO.

### No. 12026.

Court of Civil Appeals of Texas. ·San Antonio.

Dec. 28, 1949.

Keys & Holt, Corpus Christi, Louis W. Russell, Corpus Christi, for appellant.

C. Woodrow Laughlin, Alice, George F. Manning, San Antonio, for appellee.

NORVELL, Justice.

Judgment below was rendered in favor of the appellee shipper and against the appellant carrier for the sum of $2,280.81, for damages alleged to have been sustained because of the mishandling of a car of to-' matoes. The carrier was allowed a recovery of $380.81 for unpaid freight charges. The case was tried upon stipulation and the sole question for decision is whether or not Section 2b of the bill of lading was complied with. This section reads as follows: "Section 2(b). As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading or carrier on whose line the loss, damage, injury, or delay occurred, within nine months after delivery of the property * * *. Where claims are not filed * * * in accordance with the foregoing provisions, no carrier hereunder

shall be liable, and such claim will not be paid."

The shipment of tomatoes originated at Premont, Texas, where it was delivered to the carrier on December 12, 1945. After several diversions the car arrived in New York City on the morning of December 28, 1945. On the next day said car was diverted to H. Goldsamt & Co. who issued the following order for Placement & Reicing:

"Order for Placement & Reicing
Hyman Goldsamt & Co.
90 West Broadway  New York
New York December 29, 1948
Our File 21227

To Penn Railroad Co.
Pier 29, N. R.
Confirming Phone with Florio today at 11.00 A.M. Re Car PFE 36288 Tomatoes. Order Car to Pier 29, N. R. For Regular Dock Sale.

Kindly inspect this car for condition. This is our notice to you of claim to be filed for $250.00 more or less.

H. Goldsamt & Co.
Per R. Sachs.

Pennsylvania Produce Terminal
Dec. 29, 1945, received 3.06 P.M. 1945
Pier 27-28-29 New York City

The Beneficial Owner of Car PFE 36288 is Gulf Distributors, Weslaco, Texas.

H. Goldsamt & Co."

This order was issued before delivery, and no inspection of the shipment has been made as the car was not delivered to H. Goldsamt & Co. until December 30, 1945, and reloading was not commenced until January 2, 1946.

We agree with the following quotation from appellant's brief:

"Since the 'order for placement & reicing' was filed with the delivering carrier before delivery of the tomatoes to the consignee to whom the same had been finally diverted and as stipulated before the consignee had made any inspection of the tomatoes the printed notation on the 'order for placement & reicing'

" 'Kindly inspect this car for condition. This is our notice to you of claim to be filed for $250.00 more or less.'

"could not possibly have been a good faith notice of any actual claim of damage any more than if such printed form notice had been delivered to the initial carrier at the point of origin of the shipment. To hold that such printed form notice of a claim delivered before delivery of the property and without any knowledge of the condition of the property and as to whether or not it was in a damaged condition is a sufficient claim in writing under the above quoted provision of the bill of lading would in effect nullify such provision and make it meaningless; such a printed notice could just as well be filed simultaneously with the issuance and acceptance of the bill of lading. Of course it does not comply with the bill of lading provision requiring that written claim be filed within nine months 'after delivery.' As stipulated the same was actually delivered to the delivering carrier before the tomatoes were delivered and before any character of inspection thereof had been made."

It is stated in Corpus Juris Secundum that: "Notification of possible injury to a shipment before injury or damages occurred and before the shipment has reached destination is not a compliance with a stipulation for presenting or making claim within a specific time after unloading." 13 C.J.S., Carriers, § 239, p. 487.

Insofar as the stipulation discloses, H. Goldsamt & Co. did not and could not know whether or not the shipment was in a damaged condition at the time the "order for placement and reicing" was issued. Apparently, the phrase giving notice of claim for "$250.00 more or less," printed on the form of the order used, was intended to give routine notice of claim in regard to any and all shipments this particular company might handle. Such a practice, if sanctioned by the courts, would obviously destroy the notice provision of the bill of lading.

The judgment in favor of appellee against the carrier is reversed and judgment rendered that appellee take nothing. No appeal has been taken from the judg-

ment in favor of the carrier and against appellee for freight charges and consequently that portion of the judgment is not disturbed.

Reversed and rendered.

BROETER, J., not participating.