### JAMES G. McCARRICK CO. v. THOMPSON.

#### No. 12045.

Court of Civil Appeals of Texas. San Antonio.

Feb. 15, 1950.

Rehearing Denied March 15, 1950.

North & Blackmon, Corpus Christi, for appellant.

Kleberg, Eckhardt, Mobley, Lockett & Weil, Corpus Christi, for appellee.

NORVELL, Justice.

The question involved in this case is whether or not the "Statement of Protest" addressed to the terminal carrier but delivered to the Railroad Perishable Inspection Agency complies with the requirements of Section 2(b) of a Uniform Straight Bill of Lading, which provides that: "As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property. * * * Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

The "Statement of Protest" here involved is similar to the "Notice of Exceptions" discussed in Texas & N. O. R. Co. v. Rosenblum, Tex.Civ.App., 195 S.W.2d 433, wr. ref. Appellant contends that this case is distinguishable from the Rosenblum case in that the "Statement of Protest" here involved contains a statement that, "This is Consignee's Claim for $150.00, more or less."

After inspection, the McCabe Inspection Service prepared and delivered to the Railroad Perishable Inspection Agency the following "Statement of Protest," viz.:

"Statement of Protest
2/23/1945

|  |  |
|---|---|
|  | 101 F Place |
| To | N Y C RR |
| Y & E | Consignee |

By virtue of authority vested in us by We hereby protest car FGE 21458

Commodity: Veg

for the following conditions:
　　decay

| Protested |
|---|
| 2/23/45 2:00 a |
| RPIA Hem |

As a means of cooperation if each and every condition is verified a joint inspection is requested.

If not verified notify consignee or writer immediately.

McCabe Inspection Service
Inspectors of Perishable Commodities
97 Warren Street　　　　　　3854
New York City　　Cortlandt 7　　3853
By A. Stein

This is Consignee's Claim for $150.00 more or less"

It is conceded that no other claim than the "Statement of Protest" was filed with the railroad company by the shipper, James G. McCarrick Company, or by the consignee, Yeckes-Eichenbaum, Inc., within the time prescribed by Section 2(b) of the bill of lading. The trial judge held that the filing of the "Statement of Protest" with the Railroad Perishable Inspection Agency did not comply with the provisions of the bill of lading.

It appears that the Railroad Perishable Inspection Agency, sometimes referred to as the R. P. I. A., is not a general agency of the various railway companies which created the organization. Upon the trial of this case, Mr. Fred S. Hobbs, a special representative of the R. P. I. A., testified fully and without contradiction as to the nature and operations of the agency. According to Hobbs, it is the business and duty of the agency to inspect shipments of perishables when requested to do so and to recooper containers when necessary. While the agency furnishes information to carriers as to the condition of shipments upon request, it neither accepts, adjusts nor settles claims. Hobbs also testified that it is generally understood by vegetable and fruit buyers and processers that the primary purpose of a "Statement of Protest," such as was filed here by a private inspection agency, is to enable the R. P. I. A. to make prompt inspection of the car and confirm its condition. The reports of investigations made by the R. P. I. A. are retained in the files of the agency until requested by a carrier, generally after a claim for damage has been filed. It conclusively appears that the R. P. I. A. is an agency of limited au-

thority and has neither actual nor apparent authority to accept and settle claims.

We therefore hold that the notation, "This is Consignee's Claim for $150.00 more or less," contained in a "Statement of Protest" delivered to the R. P. I. A., does not constitute notice of claim within the meaning of Section 2(b) of the bill of lading. The claim must be filed with a station agent, a claim agent, a general agent or some representative of a carrier having either general authority or special authority with reference to the settlement of claims. An inspection agency operated jointly by several carriers and having limited authority such as the R. P. I. A. (according to the undisputed evidence before us), is not an agency with which a claim against a particular carrier may properly be filed. As pointed out in Georgia, Florida & Alabama Railway Company v. Blish Milling Company, 241 U.S. 190, 36 S.Ct. 541, 544, 60 L.Ed. 948, "the transactions of a railroad company are multitudinous, and are carried on through numerous employees of various grades. Ordinarily the managing officers, and those responsible for the settlement and contest of claims, would be without actual knowledge of the facts of a particular transaction." A railway company may join with others in setting up a specialized agency for the inspection of shipments of perishables without at the same time endowing such agency with the authority to accept, consider and settle claims. The carriers contributing to the support of the R. P. I. A. are not required to search that agency's files to determine whether or not a claim for damages has been endorsed upon a "Statement of Protest" or other communication with said agency.

The undisputed evidence shows that the primary purpose of a "Statement of Protest" is to secure a confirmation of an inspection. The practice of endorsing upon such document or communication a notice of claim is not favored. The law requires good faith in complying with contractual obligations. Obviously, should endorsements of claims printed or appearing upon the numerous communications which necessarily take place between shippers or consignees and the special agencies of carriers be recognized as valid, the provisions of the bill of lading as to notice of claim could be rendered wholly ineffective and nugatory. Texas and New Orleans Railroad Company v. McNatt, Tex.Civ.App., 223 S.W.2d 651; Texas and New Orleans Railroad Company v. Gulf Distributing Company, Tex.Civ.App., 226 S.W.2d 653.

The judgment of the trial court is affirmed.