**W. B. HOSSLEY, d/b/a Hossley Business Forms Company, Appellant,**

v.

**ROADWAY EXPRESS, INC., Appellee.**

No. 6930.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 21, 1967.

Rehearing Denied Oct. 18, 1967.

Smith & Lehmann, Houston, for appellant.

Bryan & Bryan, Houston, for appellee.

STEPHENSON, Justice.

This is an action for damages brought by plaintiff against defendant, a common carrier. It is alleged that plaintiff bought a printing press from the Schriber Company which was damaged because of the negligence of defendant while it was being transported. Defendant's motion for summary judgment was granted. The parties will be referred to here as they were in the trial court.

The affidavit attached to defendant's motion for summary judgment showed the following: That defendant is an interstate common carrier duly licensed and authorized to operate. That plaintiff purchased an Offset Imprinter Press from the Schriber Company at Dayton, Ohio, to be delivered by defendant to plaintiff at Houston, Texas. A uniform straight bill of lading was issued by defendant September 22, 1964. The printing press was damaged while being unloaded at Houston September 28, 1964, and was returned the next day to the shipper for repairs. After the repairs the printing press was delivered by defendant to plaintiff November 6, 1964, and a uniform straight bill of lading issued on such date. November 24, 1964 the Schriber Company filed a claim for damages with defendant, being dated November 20, 1964, and in the amount of $1,672.45. December 9, 1964 defendant paid such claim in full. The uniform straight bill of lading issued by defendant contained a provision that claims for loss, damage, injury or delay must be filed in writing with the carrier within 9 months after delivery, and where no such claim is filed, the carrier will not be liable. The first written claim of plaintiff was dated December 1, 1965, which was not within the 9 months period required by the bill of lading.

Plaintiff filed an affidavit opposing the motion for summary judgment, which contained the following: The claim of the Schriber Company dated November 20, 1964 was made "for and on behalf of your Plaintiff, and for the benefit of your Plaintiff, and as the express and/or implied agent of your Plaintiff, and/or for the use and benefit of your Plaintiff,". The plaintiff's damages were not fully known at such time, and the claim was amended March 16, 1966. The defendant was fully aware that losses and damages had been sustained. The partial payment by defendant to the Schriber Company constituted a waiver or estoppel as to the notice provision in the bill of lading.

Plaintiff contends first that the claim for damages of the Schriber Company dated November 20, 1964 was for the use and benefit of plaintiff, and that the Schriber Company acted as the agent for plaintiff in making such claim. An examination of plaintiff's affidavit does not set forth any facts which would constitute agency, and therefore failed to raise an issue of fact. The statement made in the affidavit as to this matter was nothing more than a conclusion of law, and would not be admissible in evidence on a trial on the merits. The law in this state does not permit us to consider legal conclusions in affidavit opposing a motion for summary judgment. Rule 166–A(e), Texas Rules of Civil Procedure; Box v. Bates, 162 Tex. 184, 346 S.W.2d 317.

Plaintiff also contends that defendant had actual notice of the damage and no other notice is required, and that such requirement was waived and defendant was estopped to rely upon such defense. The law of this state is to the contrary. It was held in Texas & N. O. R. Co. v. McNatt, Tex.Civ.App., 223 S.W.2d 651, as follows:

"The stipulation in the bill of lading, to the effect that no damages could be recovered unless a claim in writing for any asserted loss or damage be filed within nine months after the date of delivery was a valid stipulation and binding upon the parties. Schaff v. Ike Exstein & Bro., Tex.Civ.App., 270 S.W. 589.

"Failure to file a written claim in keeping with the provisions of the bill of lading was an absolute bar to any recovery by appellee. Texas & N. O. R. Co. v. Rosenblum, Tex.Civ.App., 195 S.W.2d 433; St. Louis Southwestern Railway Company of Texas v. Overton, Tex.Civ.App., 178 S.W. 814.

\* \* \* \* \* \*

"\* \* \* In the case of Georgia, F. & A. R. Co. v. Blish Milling Co., 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948, it was held that the terms of a bill of lading can-

not be waived by either of the parties for the reason that to permit a carrier to waive or estop itself from asserting the provisions in the bill of lading would lead to discriminatory acts forbidden by the interstate commerce act. In view of the provisions of Article 6474, supra, the parties should not be permitted to waive the provisions of a bill of lading in an intrastate shipment for the same reasons."

See also Corbamex, S. A. v. Republic Carloading & Distrib. Co., Tex.Civ.App., 378 S.W.2d 938.

Plaintiff's points of error are overruled.

Affirmed.