**AERO MAYFLOWER TRANSIT CO., INC., Appellant,**

v.

**Donald B. YARBROUGH, aka Don Yarbrough, Appellee.**

**No. 16653.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 18, 1976.

---

Lapin, Totz & Mayer, William A. Petersen, Jr., Houston, for appellant.

George W. Schalles, III, Houston, for appellee.

PEDEN, Justice.

The plaintiff, Aero Mayflower, appeals from the trial court's judgment in a suit for collection of shipping charges. The defendant, Donald B. Yarbrough, filed a counterclaim seeking damages for goods lost in transit when he moved from San Bernardino, California to Houston in December, 1970. In the main suit Yarbrough agreed to judgment in favor of Aero Mayflower for $2,004.74. After a non-jury trial on the counterclaim, the trial court entered judgment for Aero Mayflower in the net amount of $438.85, after Aero Mayflower was allowed interest and an attorney's fee and Yarbrough was allowed $2,766 on his counterclaim.

The trial judge made no findings of fact or conclusions of law. Aero Mayflower's points of error are that the trial court erred in awarding the appellee damages and judgment on his counterclaim because 1) there is insufficient evidence that appellee filed a written proof of claim with appellant for damages; 2) the finding that Yarbrough filed a written claim is against the great weight of the evidence; 3) there was insufficient evidence of the quantity of lost articles to support the award; 4) the award is against the great weight of the evidence; and 5) there was insufficient evidence as to the value of any lost articles.

Section 6 of the bill of lading used by the parties reads:

"As a condition precedent to recovery, a claim for any loss or damage, injury or

delay, must be filed in writing with carrier within nine (9) months after delivery to consignee as shown on face hereof, . . . Where a claim is not filed . . . in accordance with the foregoing provisions, carrier shall not be liable and such a claim will not be paid."

■ Failure to file a written claim as provided by the provision of the bill of lading within the nine months is an absolute bar to recovery by the shipper. *Hossley v. Roadway Express, Inc.*, 419 S.W.2d 396 (Tex.Civ.App.1967, writ ref. n. r. e.). The goods were delivered in Houston on December 12, 1970, so the written claim should have been filed by September 12, 1971.

■ The claim in writing must be, at the minimum, a written document, however informal in expression, indicating an intention on the shipper's part to claim reimbursement from the carrier for a loss asserted to have occurred in the past, and sufficiently identifying the shipment in question, either on the face of the document or by reference to previous correspondence between the parties. In other words, the notice, whatever its form, must be something more than a notice that the goods have been lost or damaged; it must contain a claim for compensation or indicate an intent to claim. The claim must enable the carrier to understand, at least in a general way, the amount or approximate amount of the claim or nature of the loss, in order that it may investigate the complaint or prepare to contest it. 14 Am.Jur.2d 106, Carriers, § 585.

■ The written notice which is to be considered in a practical way is sufficient if a carrier cannot draw any inference from it other than that a claim for damages was contemplated, even if the writing does not contain a formal demand for damages. *Delaware L. & W. R. Co. v. United States*, 123 F.Supp. 579 (S.D.N.Y.1954).

Yarbrough says he sent letters to the appellant's offices in Houston and Indianapolis, Indiana, on January 1, 1971, and February 5, 1971, respectively, stating:

"Further, there will have to be adjustment on such items as are missing prior to payment on this account."

and

"We have also advised your Houston office that payment will not be forthcoming until such time as appropriate adjustments are made for those items lost or misplaced . . . "

The second letter gave Aero Mayflower's order number for the shipment and the amount due on it.

Yarbrough also testified that he visited the office of Wald Transfer Co., Aero Mayflower's agent in Houston, sometime in January of 1971, and made a list of the missing items. The list was on a form provided by Wald and was prepared by an employee of that company. Yarbrough initialed the form but was not given a copy; he was uncertain whether it was a claim form or a memorandum form.

Mr. Yarbrough testified he sent this unsuccessful request for a claim form on June 9, 1971, to John Rybolt, an attorney representing Aero Mayflower:

"This will confirm our telephone conversation of Thursday, June 3, 1971, in which I requested that you confirm to me in writing your instructions for presenting my claim for losses and damages sustained by me as a result of the failure on the part of the Mayflower Company to deliver my goods in accordance with its tariff.

"As I explained to you by telephone, I have received the run-around from your company, and its multiple agencies, and if you in fact have authority to speak for the company, then I have called upon you to provide written instructions as to the procedure to be followed."

Aero Mayflower contends that Yarbrough did not give sufficient notice, citing *Corbamex, S. A. v. Republic Carloading and Distributing Co.*, 378 S.W.2d 938 (Tex.Civ. App.1964, ref. n. r. e.). In that case letters from the shipper to the freight forwarding company were held not to comply with the written claim requirements of the bill of

lading because they did no more than to inform the forwarder that two cases of material had never been delivered and to ask it to put a tracer on the shipment and inform the shipper of the outcome. Aero Mayflower also contends that the letters do not satisfy the requirement of a written claim because they do not specifically notify it that a claim is being made and because there was no specific claim for any specific item.

There being no findings of fact or conclusions of law, we will presume that the trial court's implied findings support its judgment.

■ Considering Yarbrough's letters of January 1, 1971, and February 5, 1971, the inventory or list of lost items he made in January of 1971, and his letter of June 9, 1971, we hold that there was sufficient evidence that Yarbrough complied with the requirement of filing a written claim.

As to Aero Mayflower's complaints that there was insufficient evidence of the quantity and value of the lost articles to support the award, the only evidence was the testimony of Yarbrough. He related that his best estimate of the value of two missing filing cabinets was $75 each, that he would put a value of $4 on each of the thirty missing towels, of $2 on each of 1200 pieces of sheet music, and of $8 on each of twelve sheets.

Rule 19 of the tariff provides:

"(c) The carrier's liability shall not exceed the cost of repairing or replacing the property lost or damaged with materials of like kind and quality not exceeding the actual cash value of the property at the time of the loss, with due allowance for depreciation or deterioration howsoever caused but in no event to exceed the released value as determined under Rule 3 . . ."

■ As compensation for the actual loss of used goods by a carrier, the owner is entitled to recover their value to him.

"Not any fanciful price that he might for special reasons place upon them, nor, on the other hand, the amount for which he could sell them to others but the actual loss in money he would sustain by being deprived of articles so specially adopted to the use of himself and his family." *I. & G. N. R. Co. v. Nicholson*, 61 Tex. 550 (1884).

*R. E. A. v. Bennett*, 350 S.W.2d 214 (Tex. Civ.App.1961, no writ); *Rosenfield v. White*, 267 S.W.2d 596 (Tex.Civ.App.1954, writ ref. n. r. e.).

We affirm the judgment of the trial court.