**Marcella Paley Kaye STERN, Appellant,**

v.

**Eunice S. REASS et al., Appellees.**

**No. 16958.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 8, 1977.

Rehearing Denied Jan. 5, 1978.

Marvin Schulman, Houston, for appellant.

Murr & Mills, Jack W. Mills, Houston, for appellees.

EVANS, Justice.

The appellees, Eunice S. Reass and Joy S. Gilbert, surviving children of George and Irene Stern, both deceased, brought this action against the appellant, Marcella Paley Kaye Stern, the second wife of George Stern, seeking a declaratory judgment that the will jointly executed by their parents was mutual and contractual and to establish a constructive trust on the properties held by George Stern at the time of his death. The trial court rendered a summary judgment granting the relief sought by the appellees, and this appeal is from that judgment.

The summary judgment proof shows that the appellees' parents, George and Irene Stern, executed a joint will on October 20, 1967 which provides that the survivor was to have a life estate in:

"all the rest and residue of the estate of every description, real, personal or mixed, which either or both of us may own, regardless of whether such estate is separate or community property and including all such property which may now be owned by both of us or either of us and that which may be hereafter acquired by either or both of us . . . ."

The will further provides that upon the death of the survivor:

". . . we give, will, bequeath and devise all of the said estate which may then be remaining in his or her hands, either in its original form, or in such form as it may exist at the time of the death of such survivor of us, to our two (2) children . . . share and share alike, in fee simple."

Irene Stern died in 1968 and her surviving husband, George Stern, probated her will and qualified as executor of her estate.

The Inheritance Tax Return filed by Mr. Stern, as executor of the Estate of Irene Stern, deceased, evidences his claim of a life estate under her will.

In 1970, approximately two years following Irene Stern's death, George Stern married the appellant, and he then executed a second will leaving all of his estate to the appellant.

In opposition to the appellee's motion for summary judgment, the attorney for the appellant, who had prepared both the 1967 will and the 1970 will, and who had represented George Stern in the probate of the 1967 will and the appellant in the probate of the 1970 will, filed an affidavit in which he states that it was "the desire" of George and Irene Stern:

"that the property comprising the estate of the first to die would be devised to the survivor, it was further their desire that if they died in a common disaster or in a close time one to the other, that the property would pass to their children."

In this affidavit he further states:

"I suggested . . . that they consider leaving a life estate to the survivor with the remainder to their children. This was done solely to create an additional statutory exemption for Texas Inheritance Tax purposes . . . The form of the Will was devised by me and I drew a joint Will solely as a convenience and in an effort to minimize the cost of the instrument . . . ."

At no time did the parties discuss or enter into any contractual agreement regarding this Will . . . and no agreement was made between the two of them that they would not at any time change, alter, modify or revoke the Will. Had there been any contractual agreement between the parties to devise property in this manner and never to revoke, modify or alter the Will, I would have added language stating that the disposition was in conformity to a contract to devise property and set such statement out in the Will."

It is appellant's position that the summary judgment proof does not establish, as a matter of law, that the 1967 will was mutual and contractual, and that the affidavit of her attorney raises an issue of material fact precluding summary judgment.

The dispositive provisions of the joint will are clear and unambiguous and evidence a comprehensive plan for the disposition of the joint makers' entire estate. *Murphy v. Slaton,* 154 Tex. 35, 273 S.W.2d 588 (1954). The terms of the will itself clearly establish the agreement of the testator and the testatrix to dispose of all property then owned by them and to leave their joint will unrevoked after the death of the first to die. Their corresponding promises constitute a valid consideration for their mutual contract. *Leopold v. Sochat,* 303 S.W.2d 840 (Tex.Civ.App.-Fort Worth 1957, writ ref'd n. r. e.); Bailey, 10 Texas Practice, Wills § 422 (1968).

The cases relied upon by the appellant, notably *Magids v. American Title Insurance Co., Miami, Fla.,* 473 S.W.2d 460 (Tex.1971) and *Reynolds v. Park,* 521 S.W.2d 300 (Tex. Civ.App.-Amarillo 1975, writ ref'd n. r. e.), are distinguishable. In each of those cases extrinsic evidence was admitted to explain uncertainties with respect to the parties intent which was not ascertainable from a reading of the terms of the instrument. In the case at bar the trial court properly disregarded the affidavit statements which were at variance with the express terms of the will, and held, as a matter of law, that the will was mutual and contractual. *Doherty v. Humphrey,* 424 S.W.2d 617 (Tex. 1968); *Vickrey v. Gilmore,* 554 S.W.2d 36 (Tex.Civ.App.-Waco 1977, no writ).

Moreover, even if the statements of appellant's attorney were otherwise admissible, they constitute his mere conclusions on the question of whether the parties entered into a contractual agreement regarding their will. The attorney's statements as to the "desires" of his clients, his suggestions to them prior to drafting the will, and his speculation as to how he would have drawn the instrument had there been a contractual agreement between the parties do not raise fact issues on the question of whether an agreement was actually made. *Hossley v. Roadway Express, Inc.,* 419 S.W.2d 396 (Tex.Civ.App.-Beaumont 1967, writ ref'd n. r. e.); *Leach v. Estate of Cassity,* 279 S.W.2d 630 (Tex.Civ.App.-Fort Worth 1955, writ ref'd n. r. e.).

The remaining question for this court's determination is whether the trial court properly established a constructive trust with respect to certain properties held by George Stern at the time of his death.

The affidavits filed in opposition to the appellee's motion for summary judgment indicate that George and Irene Stern owned certain properties as joint tenants with right of survivorship. It is appellant's position that title to these properties did not pass under the joint will, but rather by virtue of the survivorship contract, and that such title was unaffected by the contractual nature of the will. It is also the appellant's contention that certain fund shares, the subject of a declaration of trust created by George Stern, were not affected by the 1967 will because George Stern revoked the trust after his first wife's death and created a new trust naming his second wife as beneficiary.

At the death of Irene Stern, the rights of George Stern, as a life tenant, and the rights of the appellees, as remaindermen, became fixed. *Murphy v. Slaton,* supra. After the death of one of the parties to a mutual will, the effective revocation of the will may be prevented. *Weidner v. Crowther,* 157 Tex. 240, 301 S.W.2d 621 (1957). The contractual provisions of the joint will extended to all properties owned by the joint makers and to all properties which were thereafter acquired by either or both of them. Thus, the properties which they held as joint tenants with rights of survivorship were subject to the contractual provisions of their will, as were their interests in the fund shares which constituted the *res* of the declaration of trust. After the death of his first wife, George Stern held only a life estate in the properties which were subject to the contractual provi-

sions of their joint will. He, therefore, lacked authority to make a gift of such properties to his second wife. *Bridges v. First Nat'l Bank in Dallas,* 430 S.W.2d 376 (Tex.Civ.App.-Dallas 1968, writ ref'd n. r. e.); *Nye v. Bradford,* 144 Tex. 618, 193 S.W.2d 165 (1946).

The trial court's judgment is affirmed.