

# The Attorney General of Texas

September 16, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
District Attorney
Records Building, Sixth Floor
Dallas, Texas 75202

Opinion No. MW-242

Re: Fee for attorney appointed by court to represent indigent jailed for contempt of court for non-payment of child support

Dear Mr. Wade:

You ask whether, pursuant to article 26.05 of the Code of Criminal Procedure, Dallas County may pay a court-appointed attorney for representing an indigent person in a family law court proceeding to secure the person's release from confinement for contempt of court for non-payment of child support.

Article 26.05 provides, in pertinent part:

> Section 1. A counsel appointed to defend a person accused of a felony or a misdemeanor punishable by imprisonment, or to represent an indigent in a habeas corpus hearing, shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus hearing held, according to the following schedule:. . .

You state that no writ of habeas corpus has been filed. Cf. Ex parte Hiester, 572 S.W. 2d 300 (Tex. 1978); Ex parte Wilson, 559 S.W. 2d 698 (Tex. Civ. App. - Austin 1977, no writ). Thus, we need only consider whether the indigent person has been "accused of a felony or misdemeanor punishable by imprisonment." If not, article 26.05 does not authorize Dallas County to pay his attorney's fees. See Attorney General Opinion C-418 (1965).

Attorney General Opinion M-48 (1967) presented the question of whether an attorney appointed under article 46.02, section 8 of the Code of Criminal Procedure to represent a person committed to a state mental hospital after being acquitted of a criminal offense by reason of insanity was entitled to compensation for representing the person at a subsequent sanity hearing. The opinion pointed out that article 26.05 "is applicable only to appointments of attorneys in criminal cases made under authority of article 26.04(a)" (Emphasis added). Because article 46.02, section 8 did not authorize compensation for attorneys appointed to conduct trials for people

whose sanity was being determined, the question was answered in the negative. See also Code of Criminal Procedure, art. 1.02, (code governs "criminal proceedings").

We are here concerned with an indigent person who was jailed for contempt of court for failure to pay child support. The judgment specified that the person was to remain confined until he purged himself of contempt by making the necessary payments. After remaining in jail for some time, he made some payments, and another court order was issued directing that further payments be made.

Under these circumstances, we answer your question in the negative. The indigent person has not been accused of a felony or a misdemeanor punishable by imprisonment; instead, he was jailed for civil contempt of court. See Ex parte Wilson, supra; Ex parte Adair, 222 S.W. 2d 324 (Tex. Civ. App. - Dallas 1949, no writ), (distinction betwen civil and criminal contempt). See also 12 Tex. Jur. 2d Contempt S 3 (civil contempt proceedings are between the original parties rather than between the public and the defendant). Since no writ of habeas corpus has been filed and no criminal offense is involved, section 26.05 does not apply. See Attorney General Opinion M-48, supra. Accordingly, the indigent person's court-appointed attorney may not be paid from the general fund of Dallas County under article 26.05.

## SUMMARY

Article 26.05 of the Code of Criminal Procedure does not authorize payment of a court-appointed attorney's fees when his indigent client has not been accused of a criminal offense and no writ of habeas corpus has been filed.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Walter Davis
Susan Garrison
Rick Gilpin
Bruce Youngblood