**AMERICAN CHICLE DIVISION, WARNER LAMBERT COMPANY,**
Plaintiffs,

v.

**M/V MAYAGUEZ, Her Engines, Tackle, Apparel, Etc. et al., Defendants.**

**Civ. A. No. H–80–1606.**

United States District Court,
S. D. Texas,
Houston Division.

Nov. 23, 1981.

R. M. Sharpe, Jr., Sharpe & Kajander, Houston, Tex., for plaintiffs.

William M. Jensen, Royston & Rayzor, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

Came on to be heard defendant Southern Pacific Lines' Motion for Summary Judgment. Plaintiff has sued defendant Southern Pacific Lines for damage to goods transported by defendant, a common carrier in interstate commerce. Southern Pacific Lines contends that plaintiff did not properly notify plaintiff of its claim within nine months of delivery, as required by the Uniform Bill of Lading provisions of the Interstate Commerce Commission.[1] Plaintiff opposes the motion on the grounds that defendant was not the initial carrier, and therefore is not covered by the Carmack Act[2] and has not been prejudiced by noncompliance with the nine months notice of claim provision.

Plaintiff does not dispute that it did not file a written claim for loss, at any time during the eleven months that elapsed between the date of delivery and the date of filing suit. Nor does it dispute the terms of the Puerto Rico Maritime Shipping Authority's "intermodal thru bill of lading." Plaintiff relies rather, on *Grant Geophysical Corporation v. M/V Mediterranean*, No. 79–398 (S.D.Tex. January 28, 1981) 1981 AMC 850, in which the court denied summary judgment to an inland rail carrier for failure to notice a claim within nine months as required by the Carmack Act. In that case, the rail carrier was a third-party defendant, impleaded by the defendant shipping line. The court held that the Carmack Amendment did not apply because defendant was not the initial carrier. In addition, the third party defendant had not issued a separate bill of lading with a nine-month notice requirement of its own and the ocean carrier's intermodal bill of lading apparently did not incorporate the nine month requirement.

The court based its denial of summary judgment in large part on the fact that plaintiff had sued defendant one day before the running of the statute of limitations, leaving defendant insufficient time to notice third-party defendant. The court, noting that the third-party defendant was not prejudiced, and that there is a trend toward

1. Defendant states two additional grounds for its motion. First, it argues that plaintiff has sued a nonexisting entity. Because the error of misnomer may be corrected by amendment under Rule 15(c) Federal Rules of Civil Procedure, and summary judgment is granted on other substantive grounds, the Court does not address this argument. Second, defendant Southern Pacific claims that it is entitled to summary judgment because its bill of lading provides that a carrier shall have the full benefit of insurance. The Court also does not reach this question.

2. 49 U.S.C. § 20(11) (1976) revised without substantial change and reenacted as 49 U.S.C. § 11707 (West Supp.1979).

contribution among joint-tortfeasors held that the time limitations of Carmack and COGSA "should not be applied to suits between carriers and third parties."

In the instant case the intermodal through bill of lading covering carriage of goods, issued by Puerto Rico Maritime Shipping Authority incorporated the nine-month claim requirement. It provided:

[D]uring the time the goods are oncarried or transported or in the custody of Puerto Rico Maritime Shipping Authority, its agents or any independent contractors after discharge and until delivery, this carriage shall be subject to the terms and conditions of the Puerto Rico Maritime Shipping Authority's regular long form bill of lading contract. All parties to this contract are bound by the terms, provisions, stipulations and conditions of Puerto Rico Maritime Shipping Authority's regular long form bill of lading and published tariff which is on file with the Federal Maritime Commission . . . .

Puerto Rico Maritime Shipping Authority's regular long form bill of lading contract contains the following term, on page 10:

This Bill of Lading shall have effect while the containers, goods and packages are in the custody of the vessel or Puerto Rico Maritime Shipping Authority, its agents, its servants and its independent contractors. At all other times containers, goods and packages shall be governed by the terms and conditions of the connecting carrier's Bill of Lading (if any) and/or Uniform I.C.C. Bill of Lading.

And it provides on page 30:

It is specifically agreed and stated on the reverse side hereof, that during any rail or motor carriage and prior to and subsequent to the time the water carrier has custody of the goods or containers the carriage shall be governed by and subject to the terms and conditions of the connecting carrier's Bill of Lading and/or I.C.C. Uniform Bill of Lading contract, whichever is applicable, including all the contract terms and conditions generally in use.

It is also agreed that the goods carried hereunder are subject to all the terms and provisions of the tariffs on file with the Federal Maritime Commission, the Inter-State Commerce Commission or other regulatory body which governs the particular portion of this carriage, and the terms of said tariff or tariffs are hereby incorporated herein as part of the terms and conditions of a bill of lading.

Southern Pacific's Bill of Lading is the I.C.C. Uniform Domestic Straight Bill of Lading set forth in Official, Southern, Western and Illinois Freight Classifications in effect in July and August 1979, the dates of the shipment as alleged by plaintiff which provides in Sec. 2(b):

As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property . . . . Where claims are not filed or suits are not instituted thereon, in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid.

Thus, the connecting inland rail carriage by Southern Pacific was governed by Southern Pacific's bill of lading, and the nine month claim provision was incorporated into the intermodal bill of lading issued by M/V Mayaguez.

█ Defendant need not prove that it was prejudiced by plaintiff's failure to give notice of its claim within the prescribed time period. Compliance with Section 2(b)'s requirement that a claim be filed in writing within nine months of delivery is mandatory under federal law. *B. A. Walterman Co. v. Pennsylvania R. Co.*, 295 F.2d 627, 628 (6th Cir. 1961). The requirement cannot be waived and is not subject to estoppel. *Georgia, Fla. & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948 (1916); *Chesapeake & Ohio Ry. Co. v. Martin*, 283 U.S. 209, 51 S.Ct. 453, 75 L.Ed. 983 (1931). A claim filed only one day late is

under the law too late. *Pathway Bellows, Inc. v. Blanchette, Trustee of the Penn Central Trans. Co.*, 630 F.2d 900 (2d Cir. 1980) *cert. denied*, 450 U.S. 915, 101 S.Ct. 1357, 67 L.Ed.2d 340. Similarly, Texas courts have held that compliance with the notice provisions of a bill of lading is a condition precedent to recovery and failure to comply is an absolute bar to recovery. *Aero Mayflower Transit v. Yarbrough*, 535 S.W.2d 734 (Tex. Civ.App.1976). Plaintiff offers no reason why the requirement should not also be mandatory in the instant case where the thru bill of lading incorporates terms of The Uniform Domestic Straight Bill of Lading.

For these reasons, the Court finds that there is no issue of material fact and defendant Southern Pacific is entitled to summary judgment as a matter of law.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendant Southern Pacific Lines' Motion for Summary Judgment is GRANTED.